UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEREMY ZIELINSKI,

                              Plaintiff,                9:17-CV-1042
                                                                    (DNH/TWD)

    v.

ANTHONY ANNUCCI, DOCCS
Acting Commissioner, MICHAEL
KIRKPATRICK, Superintendent;
Clinton Correctional Facility, JOHN
DOES 1-9, TRAVIS J. BAKER, M.
FRENCH, LAMOY, C. REED, and
S. CASTINE,

                              Defendants.

---

APPEARANCES:                               OF COUNSEL:

JEREMY ZIELINSKI
16-A-3601
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA JAMES                   WILLIAM A. SCOTT, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

    Pro se plaintiff Jeremy Zielinski ("Zielinski" or "plaintiff") commenced this civil rights action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"),

together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 7 ("IFP Application"). Plaintiff also filed a motion for a preliminary injunction and temporary restraining order. Dkt. No. 4 ("First Motion for Injunctive Relief").

The complaint alleged that Commissioner of the New York Department of Corrections and Community Supervision ("DOCCS") Anthony Annucci, Superintendent of Clinton Correctional Facility Michael Kirkpatrick, and John Doe Nos. 1-9 violated plaintiff's constitutional rights under the Eighth and Fourteenth Amendments by wrongfully denying him meals on multiple occasions because his name was left off of "chow lists." *See generally*, Compl. The complaint further alleged that this action was brought on behalf of plaintiff and "a class of similarly situated persons . . . consisting of all inmates at Clinton." *Id*. at ¶ 4.

By Decision and Order entered on November 29, 2017, the Court (1) deemed the action to be brought by plaintiff in his individual capacity only; (2) found that plaintiff's Eighth Amendment claims survived initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A; (3) dismissed plaintiff's Fourteenth Amendment claims without prejudice; (4) denied the First Motion for Injunctive Relief; and (5) directed the New York State Attorney General's Office to produce information, to the extent possible, regarding the names of the unidentified John Doe corrections officers. *See generally*, Dkt. No. 10 ("November 2017 Order").

Thereafter, defendants Annucci and Kirkpatrick were served, and counsel for the defendants filed a status report indicating that DOCCS was unable to determine the names of the John Doe defendants responsible for preparing the relevant chow lists. Dkt. No. 14 ("Acknowledgment of Service"); Dkt. No. 16 ("Status Report").

Before defendants Annucci and Kirkpatrick responded to the complaint, plaintiff filed

another application for a temporary restraining order and preliminary injunction wherein he sought an Order that defendants "stop denying me food."  Dkt. No. 17 ("Second Motion for Injunctive Relief").  Defendants opposed the motion, and plaintiff filed a reply in further support of his motion.  Dkt. No. 19 ("Opposition to Second Motion for Injunctive Relief"); Dkt. No. 20 ("Reply in Further Support of Second Motion for Injunctive Relief").  After the Second Motion for Injunctive Relief was fully briefed, defendants filed an answer to the complaint, and a mandatory pretrial discovery and scheduling order was issued.  Dkt. No. 21 ("Answer"); Dkt. No. 22 ("Scheduling Order").

By Order entered on March 19, 2018, the Court referred Zielinski's request for injunctive relief to the Honorable Therese Wiley Dancks for the purpose of scheduling and overseeing limited discovery concerning the motion, and to appoint pro bono counsel for plaintiff to assist in discovery, and any evidentiary hearing that may be necessary on the motion.  *See* Dkt. No. 24.

On May 4, 2018, Judge Dancks directed defendants to produce to the Court, for an *in camera* review, certain documents pertaining to the meal deprivation claim while the Court made efforts to locate pro bono counsel for plaintiff.  Dkt. No. 26 ("May 2018 Order").  Following the May 2018 Order, defendants served Rule 26 disclosures and plaintiff filed a third motion for injunctive relief wherein he sought an Order preventing defendant Annucci from confining him in involuntary protective custody ("IPC") or otherwise transferring him from general population at Clinton Correctional Facility or transferring him out of that facility.  *See* Dkt. No. 27 ("Status Report Regarding Disclosures"); Dkt. No. 28 ("Third Motion for Injunctive Relief").  Plaintiff then filed a motion to amend his complaint, and shortly thereafter filed a motion seeking leave to file a second supplemental complaint.  Dkt. No. 29 ("Motion to

3

Amend"); Dkt. No. 33 ("Motion to Supplement").

By Order entered on June 7, 2018, attorney Jordan R. Pavlus, Esq., of the Byrne Costello Law Firm was appointed as pro bono counsel for the purpose of assisting with discovery on the Second Motion for Injunctive Relief. Dkt. No. 34. Roughly one week later, counsel filed a response in opposition to the Motion to Amend and a status report regarding the Court's directive to submit documents for an in camera review, together with the requested documents. Dkt. No. 39 ("Opposition to Motion to Amend"); Dkt. No. 40 ("Status Report Regarding In Camera Production"). Thereafter, plaintiff filed a letter motion requesting an order directing his immediate return to Clinton Correctional Facility, along with a notice of change of address. Dkt. No. 43 ("Letter Motion Regarding Transfer"); Dkt. No. 44 ("Notice of Change of Address").

Following limited discovery on the issue of meal denials relevant to the Second Motion for Injunctive Relief, plaintiff filed a further reply in support of his motions for injunctive relief. *See* Dkt. No. 66.

On March 19, 2019, Judge Dancks issued a Report-Recommendation and Order regarding plaintiff's motions for injunctive relief (Dkt. Nos. 17, 28, 43) and motions to file a first amended complaint and a second supplemental complaint (Dkt. Nos. 29, 33). *See* Dkt. No. 67 ("March 2019 Order"). With respect to plaintiff's motions for injunctive relief, Judge Dancks recommended that (1) plaintiff's Second Motion for Injunctive Relief be denied without prejudice, (2) plaintiff's Third Motion for Injunctive Relief be denied as moot, and (3) plaintiff's motion seeking to be returned to Clinton Correctional Facility be denied. *Id*. at 6-11, 31-32. With respect to plaintiff's pleadings motions, Judge Dancks granted the Motion to Amend insofar as the proposed amended complaint asserted an Eighth Amendment claim

4

for denial of meals against defendants Baker, French, Castine, and Reed, and a First Amendment retaliation claim against defendant Lamoy, denied the Motion to Amend insofar as the proposed amended complaint asserted any other claims for relief, and denied the Motion to Supplement. *Id*. at 15-33. Judge Dancks also directed the Clerk to terminate pro bono counsel. *Id*. at 33.

By Decision and Order entered on July 3, 2019, this Court accepted and adopted the March 2019 Order in its entirety. Dkt. No. 74.

Thereafter, the proposed amended complaint was docketed as the operative pleading, defendants Lamoy, Reed, Baker, Castine, and French were served, answers were filed on behalf of all defendants, and the discovery and dispositive motion deadlines were reset. Dkt. No. 76 ("Am. Compl."); Dkt. No. 78 ("Answer By Annucci and Kirkpatrick to Am. Compl."); Dkt. No. 81 ("Answer By Lamoy, Reed, Baker, Castine, and French to Am. Compl."); Dkt. No. 82 ("Order Resetting Deadlines").

Following the close of discovery, defendants moved for summary judgment. Dkt. No. 92 ("Motion for Summary Judgment"). In August, 2020, plaintiff filed a cross-motion seeking the following relief: (1) an Order unsealing the documents filed by defendants in camera; (2) an Order vacating the July 2019 Order in part; (3) an Order imposing sanctions on defendants for spoliation of certain discovery; and (4) an Order re-opening discovery for plaintiff to obtain copies of disciplinary records of defendants, and information necessary to oppose the Motion for Summary Judgment. Dkt. No. 105 ("Cross-Motion"). Shortly thereafter, plaintiff, who is now incarcerated at Auburn Correctional Facility, *see* Dkt. No. 73, filed a motion for a temporary restraining order and preliminary injunction barring defendant Annucci from "permitting any use of 'chow lists' at any DOCCS facility[.]" Dkt. No. 106

("Fourth Motion for Injunctive Relief") at 2.  Included in the Fourth Motion for Injunctive Relief was a request for the Court to (1) appoint counsel "for the purpose of preparing an amended complaint[,] . . . filing a motion to certify a class [comprised] of all persons in DOCCS custody[,]" and filing a motion for "statewide injunctive relief eliminating all use of 'chow lists[,]'" and (2) reopen discovery to conduct a further inquiry regarding the maintenance of "chow lists."  Id. at 4.

On September 4, 2020, defendants filed an opposition to plaintiff's Cross-Motion, and on September 18, 2020, defendants filed an opposition to the Fourth Motion for Injunctive Relief.  Dkt. No. 107 ("Opposition to Cross-Motion"); Dkt. No. 110 ("Opposition to Fourth Motion for Injunctive Relief").

For the sake of efficiency, the Court will consider plaintiff's Fourth Motion for Injunctive Relief herein.  The Motion for Summary Judgment and Cross-Motion will be decided separately, and in due course.

## II. FOURTH MOTION FOR INJUNCTIVE RELIEF

Plaintiff seeks an injunction barring defendant Annucci from "permitting any use of 'chow lists' at any DOCCS facility[.]"  See Fourth Motion for Injunctive Relief at 2.  Plaintiff states that he is requesting such relief because he is "again being denied meals for no legitimate reason[,]" despite this litigation and defendant Annucci's knowledge that "chow lists" are used to deny inmates meals.  Id. at 2.

According to plaintiff, on August 29, 2020, he was denied a meal because he was left off the "chow list[,]" despite advising "the CO doing the dinner 'chow list' that [he] wanted chow[.]"  Id. at 3.  Plaintiff further states that other inmates housed in the same company with him continue to be left off the "chow list" because staff "do not make announcements that

6

people can hear[.]"  *Id*.[1]

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher."  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Citigroup Global Mkts.*,

---

[1] On September 15, 2020, the Court received from plaintiff a letter request for reconsideration of a Text Notice setting a deadline for defendants to respond to the Fourth Motion for Injunctive Relief. Dkt. No. 108 ("Supplement to the Fourth Motion for Injunctive Relief").  In that submission, plaintiff stated, among other things, that he was denied a breakfast meal on September 11, 2020, because "the CO working [his] company . . . crept by without stopping and then refused to open [his] cell, claiming [he] 'didn't put down' on the 'chow list[,]'" and two other corrections officials refused to remedy the situation despite plaintiff's verbal request.  *Id*. at 1.

7

598 F.3d at 35 n.4 (internal quotation marks omitted).[2]  "In the prison context, a request for injunctive relief must always be viewed with a great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167-68 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511  U.S. 825, 846-47 (1994)).

Plaintiff's Fourth Motion for Injunctive Relief seemingly differs from his First Motion for Injunctive Relief and Second Motion for Injunctive Relief only insofar as plaintiff is now housed at a different correctional facility.  As plaintiff acknowledged in his First Motion for Injunctive Relief, the relief he seeks, *i.e.*, restraining officials from DOCCS from using "chow lists[,]"  "does no more than make the defendants comply with their own health policies."  *See* First Motion for Injunctive Relief at 3.

As this Court noted in the November 2017 Order, injunctions directing a party to refrain from misconduct or other wrongdoing – so-called "obey the law" injunctions – are generally disfavored by courts because they are vague, not readily enforceable, and would not subject defendants to any requirement not already imposed by law.  *See Rowe v. New York State Div. of the Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012) (citing *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941)).

Furthermore, plaintiff's argument in support of his Fourth Motion for Injunctive Relief is that certain non-party officials at Auburn Correctional Facility have acted with "a deliberately indifferent approach to 'chow lists[.]'"  *See* Fourth Motion for Injunctive Relief at 3.  In other

---

[2]  Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(2).  In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system.  *See* 18 U.S.C. § 3626(a)(1)(A).

words, plaintiff does not contend that the use of "chow lists" has prevented him from receiving meals. Rather, he contends that the way certain officials at Auburn Correctional Facility create or manage "chow lists" has resulted in him missing two meals over a two and a half week period.[3]

Under such circumstances, plaintiff has failed to establish that an injunction requiring defendant Annucci to eliminate the use of "chow lists" at all state correctional facilities is the least intrusive means necessary to correct the alleged harm. *See* 18 U.S.C. § 3626(a)(2).

Moreover, an injunction against non-party officials from Auburn Correctional Facility would not be appropriate. *See Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *Dizak v. Hawks*, No. 9:15-CV-1171 (LEK/TWD), 2016 WL 4702438, at *2-3 (N.D.N.Y. Sept.

---

[3] Insofar as plaintiff contends that unidentified officials at Auburn Correctional Facility have also wrongly used "chow lists" on unidentified occasions to deny meals to other unidentified inmates, the Court has already made clear that (1) plaintiff, as a pro se litigant, cannot maintain a class action because non-attorneys may not represent anyone other than themselves, and (2) "this action shall be considered only as an action brought by plaintiff in his individual capacity" until the requirements of Rule 23 of the Federal Rules of Civil Procedure "have been satisfied." *See* November 2017 Order at 7, 13. Thus, plaintiff's statements regarding missed meals by other inmates are immaterial.

9

8, 2016) ("The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit. . . . To the extent that Plaintiff seeks injunctive relief against persons who are not parties to this action, the Court lacks personal jurisdiction to enjoin their actions.").[4]

Lastly, and setting aside the aforementioned deficiencies with plaintiff's motion, plaintiff has failed to make a clear showing that he is entitled to the relief requested, or that he will suffer extreme or very serious damage if his request is denied. *See Citigroup Global Mkts.*, 598 F.3d at 35 n.4. Indeed, between the Fourth Motion for Injunctive Relief and the Supplement to the Fourth Motion for Injunctive Relief, plaintiff identifies only two missed meals, over a span of two and a half weeks, since his transfer to Auburn Correctional Facility in June, 2019.

The denial of two meals over a span of two and a half weeks, without any accompanying evidence that these missed meals created an immediate danger to plaintiff's health or well-being, does not present an objectively serious deprivation of a basic human need. *See Evans v. Albany County Corr. Facility*, No. 9:05-CV-1400 (GTS), 2009 WL 1401645 at *9 (N.D.N.Y. May 14, 2009) ("To establish a valid claim that the denial of food . . . constitutes an Eighth Amendment violation, one must establish that there was a 'sufficiently serious condition' that resulted from the food not being received."); *Lewis v. Zon*, 920 F. Supp. 2d 379, 387-88 (W.D.N.Y. 2013) (dismissing Eighth Amendment claim based on allegations that plaintiff was refused food on "July 7, 2004, July 27, 2004 and for part of the

---

[4] Plaintiff has also not established that he exhausted his administrative remedies with respect to the alleged deprivations that he suffered at Auburn Correctional Facility. *See McClenton v. Menifee*, No. 05-CV-2844, 2006 WL 2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").

10

day on September 24, 2004[,]" concluding that these alleged deprivations, unaccompanied by any allegations that plaintiff "experienced any pain, discomfort, or medical problems . . . simply do not suggest that plaintiff suffered an urgent condition risking degeneration or extreme pain"); *Konovalchuk v. Cerminaro*, No. 9:11-CV-01344 (MAD), 2014 WL 272428, at *21 (N.D.N.Y. Jan. 24, 2014) ("missing two consecutive meals and being deprived of water during the same period of time, without more, does not give rise to an Eighth Amendment violation"); *Cagle v. Perry*, No. 04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (holding that two meal deprivations were not sufficiently numerous, prolonged, or severe to rise to level of Eighth Amendment violation); *Zimmerman v. Seyfert*, No. 03-CV-1389, 2007 WL 2080517, at *27 (N.D.N.Y. July 19, 2007) (holding that requiring the plaintiff to go eleven hours without eating did not rise to the level of a constitutional claim).

Moreover, the Fourth Motion for Injunctive Relief lacks any evidence that plaintiff was denied two meals at Auburn Correctional Facility out of deliberate indifference to his health and well-being. *See Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (noting that to establish civil liability for a violation of the conditions of confinement under the Eighth Amendment, an inmate must demonstrate that (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference"); *Woodward v. Ali*, No. 9:13-CV-1304 (LEK/RFT), 2015 WL 5711899, at *4, *12 (N.D.N.Y. Sept. 29, 2015) (dismissing Eighth Amendment conditions-of-confinement claim based on deprivation of meals because plaintiff failed to "establish[ ] that the deprivation of food posed an immediate danger to his health" or that the named defendants "played any role in the deprivation of meals or . . . acted with the requisite subjective state of mind").

Based upon the foregoing, plaintiff's Fourth Motion for Injunctive Relief (Dkt. No. 106) is denied.

## III. REQUEST FOR APPOINTMENT OF COUNSEL

As noted, plaintiff's Fourth Motion for Injunctive Relief includes a request for appointment of counsel "for the purpose of preparing an amended complaint[,] . . . filing a motion to certify a class [comprised] of all persons in DOCCS custody[,]" and filing a motion for "statewide injunctive relief eliminating all use of 'chow lists[.]'" *Id*. at 4.

It is well-settled that there is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability

> to present the case, the complexity of the legal issues, and any
> special reason ... why appointment of counsel would be more likely
> to lead to a just determination.

*Hodge*, 802 F.2d at 61.  None of these factors are controlling, however, and each case should be decided on its own facts.  *Id*.

Insofar as plaintiff seeks appointment of counsel to prepare an amended complaint that includes additional claims by plaintiff in his individual capacity, plaintiff, who was previously appointed counsel to assist with discovery related to his Second Motion for Injunctive Relief, has failed to articulate the claims he desires to add to his current pleading, or explain why appointment of counsel is necessary for him to pursue such claims.

Insofar as plaintiff seeks appointment of counsel to prepare an amended complaint that includes class action allegations, plaintiff has failed to explain how he will suffer prejudice if he is not allowed to pursue claims on behalf of a class.[5]  Furthermore, the Motion for Summary Judgment is now fully briefed, and plaintiff has not explained why he waited until after the expiration of the dispositive motion deadline and the filing of the Motion for Summary Judgment to notify the Court of his desire to further amend his pleading.

Under such circumstances, the Court has no basis to grant a motion to amend.  Thus appointment of counsel for the purpose of preparing any such motion is unwarranted.  *See Terminate Control Corp.*, 28 F.3d at 1341 (noting that in deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance); *Hodge*, 802 F.2d at 60 (noting that 28 U.S.C. § 1915(e)(1) affords district courts broad discretion in determining whether to appoint counsel to represent indigent civil litigants.).

---

[5] Of course, certifying a class is not necessary for plaintiff to pursue the relief he seeks in his pleading.

Moreover, for reasons similar to those discussed above, the Court is not convinced that plaintiff's position is likely to be of substance. However, even if the Court were to assume that plaintiff's position may be of substance, plaintiff has demonstrated that he is fully capable of presenting his case, and, as noted, the Motion for Summary Judgment is fully briefed. In addition, the Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.[6]

Based on the foregoing, the Court finds that appointment of counsel is unwarranted. As a result, plaintiff's request for appointment of counsel is denied.[7]

## IV. **REQUEST TO RE-OPEN DISCOVERY**

Plaintiff's Fourth Motion for Injunctive Relief also includes a request that the Court reopen discovery to conduct a further inquiry regarding the maintenance of "chow lists." *Id*. at 4. Although plaintiff's motion fails to provide any explanation as to what specific discovery he seeks, or explain why such discovery was not timely requested, plaintiff's Cross-Motion opposes the Motion for Summary Judgement pursuant to Fed. R. Civ. P. 56(d). Accordingly, the Court declines to reach the issue of whether plaintiff is entitled to additional discovery to oppose the Motion for Summary Judgment at this time.

However, insofar as plaintiff requests that the Court re-open discovery to assist him with amending or supplementing his pleading, or renewing his request for injunctive relief, plaintiff's request is denied for the reasons set forth above, and because plaintiff has failed to

---

[6] If this case proceeds to trial, it is highly probable that this Court will appoint trial counsel at the final pretrial conference.

[7] Plaintiff's motion also does not show that he has made any effort to obtain representation through either the private sector or public interest firms, and his motion could be denied on this basis alone. *See Cooper*, 877 F.2d at 173-74.

show good cause to re-open discovery for these reasons. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").[8]

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's Fourth Motion for Injunctive Relief (Dkt. No. 106) is **DENIED** as set forth above; and

2. The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

Dated: November 23, 2020
   Utica, New York.

United States District Judge

---

[8] On March 6, 2018, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, Judge Dancks issued the Scheduling Order. Pursuant to the Scheduling Order, the initial discovery deadline was September 7, 2018. Thereafter, the discovery deadline was extended to December 17, 2019. Dkt. No. 82. On February 20, 2020, in response to a request filed by plaintiff, Judge Dancks afforded plaintiff a final opportunity to serve further documents on defendants' counsel by February 28, 2020, and expressly advised that no further extensions would be granted. Dkt. No. 87.

15