UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEREMY ZIELINSKI,

                      Plaintiff,          9:17-CV-1042
                                                 (DNH/TWD)

    v.

ANTHONY ANNUCCI, DOCCS
Acting Commissioner, MICHAEL
KIRKPATRICK, Superintendent;
Clinton Correctional Facility, JOHN
DOES 1-9, TRAVIS J. BAKER, M.
FRENCH, LAMOY, C. REED, and
S. CASTINE,

                      Defendants.

---

APPEARANCES:

JEREMY ZIELINSKI
16-A-3601
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA JAMES                      WILLIAM A. SCOTT, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

    Plaintiff Jeremy Zielinski ("Zielinski" or "plaintiff"), proceeding pro se in this 42

U.S.C. § 1983 civil rights action, alleges wrongdoing while he was incarcerated at Clinton

Correctional Facility. Dkt. No. 76 ("Am. Compl."). As part of this action, plaintiff filed a motion for a temporary restraining order and preliminary injunction barring defendant Annucci from "permitting any use of 'chow lists' at any DOCCS facility[.]" Dkt. No. 106 ("Fourth Motion for Injunctive Relief") at 2.[1]

On November 23, 2020, this Court denied Zielinski's Fourth Motion for Injunctive Relief. Dkt. No. 111 ("November 2020 Order").[2] Presently before this Court is plaintiff's motion for reconsideration of the November 2020 Order, which defendants have opposed. *See* Dkt. No. 113 ("Motion for Reconsideration"); Dkt. No. 114 ("Opposition to Motion for Reconsideration").

## II. **MOTION FOR RECONSIDERATION**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[3] Thus, a motion for reconsideration is not to be used for "presenting the case

---

[1] Defendants opposed plaintiff's Fourth Preliminary Injunction Motion. Dkt. No. 110.

[2] The procedural history of this case was discussed at length in the November 2020 Order, and will not be restated herein.

[3] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

2

under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Zielinski does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Rather, plaintiff contends that the Court erred in denying his Fourth Motion for Injunctive Relief because the "chow list policy" is unconstitutional and can be remedied by an injunction. *See* Motion for Reconsideration at 3-7.

After thoroughly reviewing Zielinski's motion, and affording his request due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the November 2020 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

For the sake of clarity, however, the Court will make a few brief points. First, Zielinski appears to make light of the limited number of meals he allegedly missed while incarcerated over the past several years at Clinton, Elmira, and Auburn Correctional Facilities, and argues instead that because it is possible he could miss meals in the future as a result of a purported "policy" regarding the creation and execution of "chow lists," he has shown that he will likely suffer irreparable harm in the absence of the mandatory injunction that he seeks. *See* Motion for Reconsideration at 4-5.

Of course, the law is well-settled that speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic

3

remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)).  Moreover, plaintiff failed to introduce any evidence in support of his Fourth Motion for Injunctive Relief showing that he would miss meals in the immediate future, and on a regular basis, in the absence of the mandatory injunction that he sought.

Second, the Second Circuit recently clarified that "there is no special rule for supervisory liability." *Tangreti v. Bachmann*, No. 19-3712, 2020 WL 7687688, at *6 (2d Cir. Dec. 28, 2020).  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Thus, in the context of an Eighth Amendment claim against a supervisory official, a plaintiff must establish that the supervisory official himself acted with deliberate indifference—meaning that [the official] personally knew of and disregarded an excessive risk to [the plaintiff's] health or safety." *Id*. (internal quotation marks and citation omitted).

In this case, defendant Annucci stated in his sworn declaration executed on April 4, 2020, that as of that date, he had never personally reviewed any correspondence from plaintiff, and never directed any officials to deny plaintiff meals or leave him off a "chow list." Dkt. No. 92-14 at 2-3.  Moreover, there is no evidence in the record that defendant Annucci ever directed or approved of corrections officials refusing to include inmates on a "chow list" who desire meals.  Nor is there any evidence in the record that defendant Annucci ever directed or approved of corrections officials refusing to update their "chow list" after it is

4

initially prepared when an inmate who is not on the list states that he wishes to be added to the list. In other words, the Court has no basis to conclude that it is the "system" of creating "chow lists" – purportedly created by defendant Annucci – that is causing inmates to miss meals. *See* November 2020 Order at 8-9. Thus, plaintiff failed to establish a clear likelihood of success on the merits of his claim that he has suffered a violation of his Eighth Amendment rights as a result of a "policy" implemented by defendant Annucci.

Third, the Fourth Motion for Injunctive Relief specially requests an order barring defendant Annucci from "permitting any use of 'chow lists' at any DOCCS facility[.]" *See* Fourth Motion for Injunctive Relief at 2. Plaintiff's Motion for Reconsideration, however, accuses the Court of not understanding the nature of his argument or the relief he actually desires, and it appears plaintiff would like this Court to order officials at maximum security facilities within DOCCS to open the cell door of every inmate eligible to leave his cell for a meal when it is meal time, and at that point record which inmates leave their cells for the meal.

Insofar as that is what plaintiff desires, "[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (citations omitted); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."). This is particularly the case where, as here, the plaintiff has failed to make a clear showing that he is likely to succeed on the merits of his claim or will suffer serious damage if his requested mandatory injunction is not granted. *See H'Sh aka v. O'Gorman*, 758 Fed. App'x

196, 198 (2d Cir. 2019) ("An injunction that would change the status quo is even more extraordinary, and parties seeking these so-called 'mandatory' injunctions must show either a clear likelihood of success on the merits or, perhaps, that the balance of hardships tips even more decidedly in their favor because 'extreme or very serious damage will result from a denial of preliminary relief.'" (quoting *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)).

Fourth, plaintiff is no longer incarcerated at Auburn Correctional Facility, and the Court has no reason to conclude that corrections officials from his current place of confinement will engage in the same alleged behavior as select officials from Clinton, Elmira, and Auburn Correctional Facilities.

For all of these reasons, and for the reasons set forth in the November 2020 Order, plaintiff's Motion for Reconsideration is denied.[4]

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's request for reconsideration of the November 2020 Order (Dkt. No. 113) is **DENIED** in all respects; and

2. The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

Dated: January 14, 2021
      Utica, New York

United States District Judge

---

[4] Neither the denial of plaintiff's Fourth Preliminary Injunction Motion nor the denial of his Motion for Reconsideration precludes plaintiff from seeking a permanent injunction should he prevail on the merits of his case.